# Shannon Manufacturing Company, Appellant, *v.* McCaulley.

*Contract—Assignment—Attachment—Partnership—Corporation.*

A partnership consisting of two persons were subcontractors in a building operation. During the progress of the work the members of the partnership organized a corporation which took up and carried on a part of the work. Subsequently the contractor objected to the work thus being done, and stopped payments. A third person who was interested in the completion of the work, took an assignment of the contract together with all money due or which should become due thereon to the partnership, and the work was completed. Subsequently a creditor of the corporation summoned the contractor as garnishee in a foreign attachment. It did not appear that the contract had ever been assigned to the corporation, and it did appear that all of the contractor's relations, dealings and correspondence were with the partnership and not with the corporation. On the trial of an issue between the plaintiff and the contractor, the plaintiff requested the court to charge that if the partnership turned over the contract to the corporation, and the corporation performed it, and the contractor accepted the performance, he was liable to plaintiff as to the moneys in his hands unpaid on account of the contract. The court answered that the point should be affirmed unless the jury found that the owner of the contract, and those entitled to receive money under it in good faith and for an honest and valuable consideration parted with their interest by assigning such interest to the person who completed the contract. *Held,* that there was no error in the answer, and that a verdict and judgment for the garnishee should be affirmed.

Argued Feb. 6, 1906. Appeal, No. 298, Jan. T., 1905, by plaintiff, from judgment of C. P. Del. Co., Dec. T., 1901, No. 5, on verdict for William Provost, Jr., Garnishee, in case of The Shannon Manufacturing Company v. George W. McCaulley & Son Company, defendant, and William Provost, Jr., Gar-

nishee. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Affirmed.

Issue in foreign attachment. Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows :

[Now, the court says to you that if you believe ˙from all the evidence in the case that prior to December 4, 1901, that the parties or the persons who were the owners of this contract and entitled to receive the money due on it from Provost did in good faith and for a proper consideration, a valuable consideration, did transfer, assign or make over to Fender this contract, in good faith, and for a valuable consideration—the persons who were the owners of it and entitled to it—then the plaintiff cannot recover, if that transaction was honest and fair and was prior to December 4, 1901. That is the great question in this cause, and it will be for you to say under all the evidence in the case, who it was at the time of the transfer, if it was made to Fender, was the owner of this contract, and entitled to receive the consideration due upon it, and whether they did transfer, assign and turn over to Fender in good faith for a valuable consideration that contract. If they did, the plaintiff cannot recover. If they did not, and you shall find that this corporation was the owner of this contract ; that if was turned over to them by the firm ; that they were its owners and entitled to receive the money due under it, then the plaintiff is entitled to recover, unless you find that after it had been vested in them, they had transferred it to Fender prior to December 4.] [2]

[I think the court ought to call the jury's attention to the fact, because it is an important one bearing upon the question as to who the jury shall find were the owners of this contract, and entitled to receive the money. The uncontradicted evidence is that, so far as the McCaulleys were concerned, whether the firm or the corporation, the two persons, and the only two persons, so far as has been disclosed, that had anything to do with it was George W. McCaulley and Clarence, his son. It was they who had signed the contract originally ; it was they

who had dictated the letters bearing the name of Son Company or written ; it was they who had dictated the letters, or written them, after October bearing the name of the firm, and it was they who executed the paper, if it was executed, on November 5, and it was they who had the conversation and the talk relative to the terms upon which Mr. Fender should take this contract. And you will say whether, under all the circumstances of the case, they were the owners as the representatives of the firm or of the corporation.] [3]

[So that you will see that whatever the relation that the firm bore, or that the corporation bore, the whole of the business was carried on, so far as McCaulley & Son were concerned by George W. McCaulley and Clarence McCaulley, two of the members, the only two members of the firm, and two out of the three members of the corporation, one of whom was president of it, the father, George W., and Clarence, secretary and treasury. So that the whole question will be for you to say whether or not that transfer made, if it was made to Fender, on or about prior to December 4, was such a turning over as vested the right to control this contract and the moneys arising out of it in the hands of Fender. If it did, the plaintiff cannot recover in the judgment of the court.] [4]

Plaintiff presented this point:

1. If the jury believe that in April, 1901, the McCaulley firm turned over the Provost contract to the McCaulley company to be performed by the company, and the company took said contract and performed it, and that Provost accepted the performance of said contract by the company, and had in his hands on December 4, 1901, $4,350, the balance due for said performance, the verdict should be in favor of the plaintiff, finding in the hands of William Provost, the sum of $4,350, with interest from May 17, 1904, at the rate of two per cent per annum, with leave to the court to mould the judgment. *Answer :* That is affirmed, unless you find after April, 1901, and before December 4, 1901, the owner of this contract and those entitled to receive the money due under it, in good faith parted with their interest by assigning, transferring or turning it over to James C. Fender for a valuable and honest consideration. [5]

Verdict and judgment for garnishee.   Plaintiff appealed.

*Errors assigned* were (2–5) above instructions, quoting them.

*W. B. Broomall*, with him *J. F. B. Atkin*, for appellant.

*O. B. Dickinson*, with him *J. C. Taylor*, for appellee.

OPINION BY MR. JUSTICE FELL, March 12, 1906 :

The facts that give rise to this controversy are these : William Provost, the garnishee, had a contract for the building of a schoolhouse, and George W. McCaulley & Son, a partnership, contracted with him to do all the plastering and cement work.  During the progress of the work a corporation was formed, composed of the members of the partnership and one other person, under the name of the George W. McCaulley & Son Company.  This corporation took up and carried on a part of the work covered by the contract between Provost and the partnership for a period of about six months, when, because of the refusal of Provost, founded on objections to the work done, to make further payments, the work stopped or was about to stop.  Fender, who was interested in the completion of the work, offered to furnish money and materials and assume certain debts provided he was given an assignment of the contract.  This offer was accepted, and the contract and all money due or which should become due thereon were assigned to him by the partnership, and the work was completed.  Subsequent to this assignment the appellant, who was a creditor of the corporation, caused a foreign attachment to issue against it and summoned Provost as garnishee.

The question at the trial was whether Provost owed the partnership or the corporation the money due under the contract.  Prima facie he owed the partnership.  His contract with it had not been assigned to the corporation nor had it been abandoned and a new one entered into with the corporation.  His correspondence relating to the work was with the partnership, his notices were served upon it, all bills and statements received by him were from it, and payments made by him under the contract were made to it and it paid the corporation in full for all the work done by it.  Provost could not have maintained an action against the corporation for a failure to complete the

work nor could it have maintained one against him for the price of the work done. No testimony has been brought to our attention that would sustain a finding that the garnishee, Provost, had any contractual relation with the corporation or owed it anything. The court, however, submitted to the jury the appellant's contention that the corporation was the owner of the contract at the time of its assignment to Fender, and that consequently he had acquired nothing under the assignment from the partnership. The verdict was for the garnishee.

The main question raised by the specifications of error relates to the answer to the first request for charge presented by the appellant, which was: " If the jury believe that in April, 1901, the McCaulley firm turned over the Provost contract to the McCaulley company to be performed by the company, and the company took said contract and performed it, and that Provost accepted the performance of said contract by the company, and had in his hands on December 4, 1901, $4,350, the balance due for said performance, their verdict should be in favor of the plaintiff." The answer was: " That is affirmed unless you find that after April, 1901, and before December 4, 1901, the owner of this contract and those entitled to receive the money under it in good faith parted with their interest by assigning, transferring or turning it over to James C. Fender for a valuable and honest consideration." It is objected that the answer submitted a question not in the case, because the good faith of the party making the assignment was not in issue. It is true that if the partnership owned the contract it could do with it what it pleased, and that if it did not own it the assignment was without effect, and therefore the good faith of the assignment had no bearing on the right to the money in the hands of the garnishee, based on the ownership of the contract. If the word " assigned " had been used in the request instead of the words " turned over," the qualification of the answer would have been improper, but these words were of doubtful meaning in the connection in which they were used. They might have been understood as meaning a substitution of the corporation for the partnership, or as meaning a mere employment to carry on the work in fulfillment of the contract. The answer is free from error in view of the appellant's position that the corporation had with the consent of all parties in inter-

est been substituted for the partnership, and of the appellee's claim that even if this was true the contract had been assigned to Fender after the corporation had been paid for all the work done by it, and that the assignment was in its relief and approved and ratified by its officers.

The judgment is affirmed.